**MOORE LEASING, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**MOORE LEASING, II, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 76021.

Supreme Court of Missouri,
En Banc.

Jan. 25, 1994.

David O. Danis, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

Frank Susman, Randall B. Kahn, St. Louis, amicus curiae.

LIMBAUGH, Judge.

Moore Leasing, Inc. and Moore Leasing, II, Inc., (Moore), motor vehicle leasing companies, challenge the Director of Revenue's (Director) assessment of sales tax and interest. The assessment was on payments made by Moore's lessees for personal property tax on leased automobiles. The Administrative Hearing Commission (AHC) denied Moore's claim for relief, and Moore then appealed to this Court. This Court has jurisdiction because resolution of this case requires construction of a revenue statute. *Mo. Const. art. V, § 3.* Appellate review is governed by § 621.193, RSMo 1986, which states that "the decision of the administrative hearing commission shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record...." The decision of the AHC is reversed.

Moore's lease contracts provide not only that the lessee is to make monthly rental or lease payments, but also, that "lessee [is] to be billed for personal property tax on an annual basis." Moore's practice is to forward the County Assessor's annual personal property tax assessment to the lessee for payment. The lessee may either send a

check directly to the County Collector or forward a check to Moore which, in turn, pays the Collector. Where the lessee's personal property tax payments are routed through Moore, the Director assesses sales tax on the payments.[1] In effect, the sales tax is assessed on the personal property tax, a tax on a tax.

Moore claims that the personal property tax payments are not subject to sales tax. Both parties and the AHC evaluated the sales tax solely by reference to the general "gross receipts" provision of § 144.010, RSMo 1986. However, sales tax liability for motor vehicle leasing companies turns principally on § 144.070.5. See § 144.020.1(8). That section gives motor vehicle leasing companies two options for paying sales tax: 1) the company may pay the full sales tax when the automobile is registered or, 2) the company may pay the sales tax "on the amount charged for each rental or lease agreement while the motor vehicle ... is domiciled in this state."[2] Moore opts for the second method; it remits sales tax on the lessee's monthly payments but remits nothing on the personal property tax payment.

The precise issue for our consideration is whether, under § 144.070.5, the lessee's personal property tax payments to Moore are part of the "amount charged for each rental or lease agreement." In the context of this case, the statute is ambiguous. On the one hand, it can be read that all payments of whatever nature are part of the "amount charged" under the lease. An equally legitimate interpretation is that the "amount charged" does not include annual personal property tax payments that Moore pays over to the Director, payments that are separate from those made to satisfy the basic monthly lease charges.

 The rules that guide our determination are well established. Taxing statutes, when ambiguous, are construed narrowly against the taxing authority, and in favor of the taxpayer. *Morton v. Brenner,* 842 S.W.2d 538, 542 (Mo. banc 1992). Furthermore, the rule of strict construction against the taxing authority is "especially true of a tax upon a tax." *ITT Canteen Corp. v. Spradling,* 526 S.W.2d 11, 20 (Mo.1975). In view of the ambiguity in § 144.070.5, we hold that the Director is not authorized to assess sales tax on separate personal property tax payments made to motor vehicle leasing companies.

The decision of the AHC is reversed.

All concur.

---

1. The Director does not assess sales tax on the lessee's payments made directly to the County Collector.

2. *Section 144.070,* which applies expressly to *motor vehicle leasing companies,* cross-references § 144.010.1(3) and all other provisions of Chapter 144 that govern sales tax on lease and rental transactions. *Section 144.010.1(3),* which defines gross receipts that are subject to sales tax, states in pertinent part:
    Gross receipts ... shall also include the lease or rental consideration where the right to con-tinuous possession or use of any article of tangible personal property is granted under a lease or contract and such transfer of posses-sion would be *taxable if outright sale were* made and, in such cases, the same shall be taxable as if outright sale were made and con-sidered as a sale of such article, and the tax shall be computed and paid by the lessee upon the *rentals paid;*
(Emphasis added). *There is no significant differ-*ence between "amount charged" in § 144.070.5 and "rentals paid" in § 144.010.1(3).